### WILLIAM H. McCORMICK, APPELLEE, v. WILLIAM H. HESSER, APPELLANT.

Submitted July 2, 1908—Decided November 9, 1908.

If a person approaching a street crossing, being warned of the coming of an automobile, looks and sees the machine coming towards the crossing, not more than one hundred and thirty feet away, and thereupon proceeds to cross the street in front of it without again looking or paying any attention to the approaching vehicle, he is guilty of contributory negligence, and cannot recover for injuries caused by a collision with the machine, for being warned, and seeing the machine coming towards the crossing he intends to pass over, it is his duty to sufficiently observe the position of the automobile to avoid a collision if possible.

On appeal from the District Court of Perth Amboy.

Before Justices REED, BERGEN and VOORHEES.

For the appellant, *Beekman & Spencer.*

For the appellee, *Joseph E. Stricker.*

The opinion of the court was delivered by

BERGEN, J.   The plaintiff's case shows that on September 16th, 1907, about fifteen minutes before eleven o'clock in the evening, he was walking across the city park in Perth Amboy towards a street crossing; that when he was within ten feet of the curb he heard the sound of the horn on defendant's automobile; that he then saw the machine coming, about one hundred and thirty feet away; that he proceeded, and when he had gone into the street about twenty-five feet from the curb, a distance of thirty-five feet from where he was when he saw it, he was struck by the defendant's automobile; that he did not look towards the machine after he first saw it and heard the warning given by defendant, and did not see it again until he was run against.   On this defendant moved for a nonsuit, which was refused.   We think it should have been granted.   The plaintiff saw the automobile coming towards him, and heard the warning when it was only one hundred and thirty feet away, and then, without looking again or paying any further attention to it, walked into the street, where he knew, or should have known, the automobile would pass.   We think it was the duty of the plaintiff, when he saw the machine approaching and heard the warning given by the defendant, to observe where he was going, and that in walking into the street in front of an approaching vehicle without using his eyes and making some attempt to avoid a collision, he deliberately placed himself in a position of danger, and was thereby guilty of negligence which contributed to the accident.

The judgment below is reversed.