[No. 11928. Department Two. April 14, 1915.]

M. A. Daugherty *et al.*, *Respondents*, v. Metropolitan Motor Car Company *et al.*, *Appellants.*[1]

Appeal and Error—Review—Findings by Court. The findings of a trial court, when not supported by a preponderance of the evidence, will be set aside on appeal.

Municipal Corporations—Injuries to Persons on Streets—Negligence—Evidence. The driver of an automobile colliding with a boy is not shown to be guilty of negligence, when the evidence shows that he was proceeding on a business street at a rate of from six to ten miles per hour, and that the boy, running diagonally across the street, suddenly darted in front of his machine, and that, after striking the boy, he stopped the automobile within a very few feet.

Municipal Corporations—Streets—Contributory Negligence. In an action for personal injuries, the negligence of plaintiff was the proximate cause of his injuries, where it appears from the evidence that he was a newsboy fourteen years of age, accustomed to being on the business streets, and had been selling papers for a year at one of the busiest street corners; that on hearing the whistle of the paper distributor, he darted up and ran towards him diagonally across the street, some distance south of the street crossing; that the driver of the automobile was driving slowly with the machine under control, and did not see the boy until he was almost against the machine.

Municipal Corporations—Injuries to Persons on Streets—Last Clear Chance. The doctrine of last clear chance does not apply in case of a pedestrian run down by an automobile, where the driver did not see the pedestrian until the latter, while running, was about to collide with the machine, and where he did everything that could be done, such as turning to one side, to avoid the accident.

Appeal from a judgment of the superior court for King county, Mackintosh, J., entered December 6, 1913, in favor of the plaintiffs, after a trial on the merits before the court without a jury, in an action for personal injuries sustained by a pedestrian struck by an automobile. Reversed.

*Douglas, Lane & Douglas*, for appellants.
*Moore & Sweeney*, for respondents.

[1]Reported in 147 Pac. 655.

Crow, J.—Action by M. A. Daugherty and Frank Daugherty, by M. A. Daugherty, his guardian, against Metropolitan Motor Car Company, a corporation, and Bruce A. Griggs, to recover damages for personal injuries sustained by Frank Daugherty. From a judgment in plaintiffs' favor, the defendants have appealed.

The cause, which was tried to the court sitting without a jury, is before us for trial *de novo*, and we find it necessary to consider only appellants' contention that the trial judge erred in entering judgment in respondents' favor. The preponderance of the evidence shows that the respondent Frank Daugherty, who sues by his guardian, was on April 29, 1913, about fourteen years of age; that for some years prior thereto he had been engaged in selling newspapers on the streets of Seattle; that for one year he had a news stand at the southwest corner of Marion street and Second avenue; that Marion street runs east and west, while Second avenue runs north and south; that on April 29, 1913, the appellant Bruce A. Griggs, in charge of an automobile owned by the appellant Metropolitan Motor Car Company, was driving south on the west side of Second avenue, traveling six to eight miles per hour; that after he had crossed the intersection of Marion street and Second avenue and was some little distance south of the crossing, the respondent Frank Daugherty suddenly darted from behind his news stand, ran diagonally across Second avenue toward the southeast, collided with appellant's automobile, and was injured. The evidence shows that one George W. Engler, who was distributing afternoon papers to newsboys and news stands, was driving a news cart north on the east side of Second avenue; that he intended to deliver some papers to Frank Daugherty and also present him with a ball which he had earned as a premium; that as he came up the street he blew a whistle to attract the attention of Daugherty, who immediately ran across the street in a diagonal direction to meet him, and collided with appellant's automobile; that the appellant

Griggs, not seeing him until he was almost against the machine, turned the automobile to the left and stopped it, but was unable to avoid the accident, and that the machine did not travel more than its length after its impact with respondent.

Respondents contend that the appellant Griggs was negligent in driving the automobile carelessly and at a rate of speed in excess of that allowed by the city ordinances. One witness testified that in his opinion appellant was driving about twenty-five miles per hour, but other witnesses fixed his rate of speed approximately at six to ten miles per hour. Had the cause been tried by a jury, and had the jury found appellant was driving at an unlawful rate of speed, the testimony of the single witness above mentioned would be sufficient to sustain the verdict, and we would not be warranted in disturbing that finding. But the action is before us for trial *de novo*, and although we ordinarily adopt the findings of the trial judge, we are not compelled to do so, if we conclude they are not supported by a preponderance of the evidence. Our conclusion is that the appellant was not driving at an excessive or dangerous rate of speed. He stopped the automobile within a very few feet, which he could not have done except when driving slowly with the machine under control.

Appellants contend that the respondent Frank Daugherty was guilty of negligence on his part, and that his negligence was the sole and proximate cause of the accident. The evidence shows that respondent was accustomed to being on the business streets of Seattle selling papers, caring for himself, and looking out for automobiles. He testified on his direct examination, that he had been selling papers at Second avenue and Marion street for about one year; that Mr. Engler whistled for him; that he jumped off the curb and started across the street between a walk and a run, and that the auto struck him, which was all he knew. On cross-examination, he testified that he jumped off the curb and

started diagonally across the street in a sort of a "dog trot," and that he did not look north to see if anything was coming. An approaching auto on his, the west, side of the street would come from the north if traveling in accordance with the law. Other witnesses testified, that he darted from the curb; that, without looking, he ran rapidly across the street in a diagonal direction, and that he collided with the auto. It is conceded that he was not upon a street crossing, where pedestrians have superior rights and are not, as a matter of law, required to exercise as great a degree of care as they are required to exercise at other points. The difference between the relative rights of a pedestrian and those of the driver of an automobile at and between street crossings is clearly defined in *Johnson v. Johnson, ante* p. 18, 147 Pac. 649, wherein we reviewed and commented upon our previous decisions. In that case a pedestrian was injured on a crossing where she had a superior right. In this case respondent was injured while running across the street in a diagonal direction a considerable distance south of the crossing, the distance being anywhere from fifteen to thirty feet. In the *Johnson* case, we said:

"If the conceded right of way means anything at all, it puts the necessity of continuous observation and avoidance of injury upon the driver of the automobile when approaching a crossing just as the necessity of the case puts the same higher degree of care upon the pedestrian at other places than at crossings."

From remarks made by the trial judge, the indications are that he thought the last clear chance doctrine should be applied, and that respondent was entitled to that chance. The facts proven do not justify any application of that doctrine. The evidence indicates that appellant Griggs did not see respondent until he, while running, was about to collide with the machine, and it is clearly proven to our satisfaction that appellant Griggs did everything he could, or that could be

done by any one, to avoid the accident. We are satisfied that the accident was due solely to respondent's negligence.

The judgment is reversed, and the cause is remanded with instructions to dismiss.

MOUNT, MAIN, and ELLIS, JJ., concur.