[No. 13456. Department Two. July 11, 1916.]

MARY TODD, *Respondent*, v. L. D. LEWIS *et al.*, *Appellants.*[1]

MUNICIPAL CORPORATIONS—STREETS—COLLISION WITH AUTOMOBILE—CONTRIBUTORY NEGLIGENCE—EVIDENCE—SUFFICIENCY. A pedestrian, struck by an automobile while crossing a street diagonally at a point other than a crossing, is guilty of contributory negligence, precluding a recovery, although she testified she looked back several times, where she was contradicted by the only two witnesses who saw the accident and by her own statements, and it appears that she hurriedly stepped out from a crowd collected in the street without looking back.

Appeal from a judgment of the superior court for King county, Alston, J., entered December 16, 1915, upon findings in favor of the plaintiff, in an action for personal injuries sustained by a pedestrian struck by an automobile. Reversed.

*Farrell, Kane & Stratton* and *Stanley J. Padden*, for appellants.

*Morris B. Sachs* and *Jack Sommer*, for respondent.

BAUSMAN, J.—Plaintiff, crossing a street diagonally at a point other than a crossing, was struck by defendants' automobile approaching from behind. The lower court, without a jury, gave her judgment over defendants' challenge to the sufficiency of the evidence.

In *Harder v. Matthews*, 67 Wash. 487, 121 Pac. 983, and *Daugherty v. Metropolitan Motor Car Co.*, 85 Wash. 105, 147 Pac. 655, cases very similar to this, we have laid down the rule that those who cross streets elsewhere than at regular crossings owe a greater vigilance to themselves. By this we did not mean, of course, to absolve drivers from negligence and these are not free, because the regular crossings may have been passed, to rush along without regard to people afoot.

[1]Reported in 158 Pac. 1006.

The circumstances here are as follows: There was a crowd on the right-hand side of the street down which the automobile was coming. Before the automobile reached this crowd it had to cross a street intersecting at right angles. The crowd was on the driver's right-hand side near the intersection, but across the intersecting street. Plaintiff was injured as she came out behind this crowd, in passing which it is conceded that the driver did not sound his horn, but was, we are satisfied, proceeding at moderate speed.

It is not necessary to decide defendants' negligence even if negligence there was, for we are satisfied that the plaintiff was guilty of contributory negligence. True, she swore to a state of facts which might if accepted remove her from the rule of the cases we have just cited, for she says she looked back several times as she was crossing. The lower court accepted this story. We for our part cannot. It is not enough that she is contradicted by the only two disinterested witnesses who saw the accident. She is contradicted by herself. Her statement immediately after the accident to the stenographer of the police department was that in crossing she had not looked to the side from which the automobile came, but in the opposite direction toward a street car that she desired to take. Much regard should be given to utterances thus made voluntarily before the impulse of truth gives way to calculation. So much for her own admissions. Now one witness says that she hurried into the street. Again this woman is contradicted in stating that, when she started to cross the street, it was to take a street car already standing on the opposite side. That there was none there is abundantly clear. Next, she says that this standing car was receiving passengers on her side, when the testimony is convincing that no car would receive from that side, which would be in the middle of the street, but only from the other or sidewalk side. She says, too, that before she even started to cross she looked in the direction from which the automobile subsequently came, could have seen, and did not see any

automobile. This does not smack of truth, for to see any-
thing then in that direction she would have had to look
through a crowd. We are upon the whole satisfied that the
court ought not to have taken the testimony of this plaintiff
with these contradictions in it, and that there is here a de-
cided preponderance of testimony against the judgment of
the lower court. Contradicting herself, she is corroborated
by nobody in anything essential.

Judgment reversed and the cause ordered dismissed.

MOUNT, FULLERTON, HOLCOMB, and PARKER, JJ., concur.