JOSEPH SUGA vs. WILLIAM R. HAASE, JR.

Third Judicial District, New Haven, June Term, 1920.

PRENTICE, C. J., WHEELER, BEACH, GAGER and CASE, Js.

To determine whether a verdict was properly directed or not, nothing further is required on appeal than a certification of all the evidence and rulings.

The evidence in the present case reviewed, and the action of the trial judge in directing a verdict for the defendant—upon the ground that there was no evidence of the exercise of ordinary care by the plaintiff—sustained.

The plaintiff alleged that the defendant's automobile was not properly lighted, and this the defendant denied. *Held* that the plaintiff had the burden of proving this allegation.

Argued June 1st—decided July 20th, 1920.

ACTION to recover damages for personal injuries alleged to have been caused by the negligence of the defendant in the operation of his automobile, brought to the Superior Court in Fairfield County and tried to the jury before *Keeler, J.;* by direction of the court the jury returned a verdict for the defendant, and from the judgment thereon the plaintiff appealed. *No error.*

*John Keogh* and *John T. Dwyer,* for the appellant (plaintiff).

*John H. Light,* for the appellee (defendant).

BEACH, J.   After the directed verdict for the defendant had been brought in, the plaintiff moved to set it

aside on the ground that it was against the evidence, but no appeal was taken from the denial of that motion. The appeal as perfected purports to be for a revision of the ruling of the court in directing the jury to return a verdict for the defendant. It is now said by the defendant that the statutes make no provision for an appeal in the case of a directed verdict, otherwise than by following the procedure outlined in General Statutes, § 5840, that is, by motion for a new trial on the ground that the verdict is against the evidence, and by appeal from the denial of such motion.

It is, however, apparent that such a procedure is not applicable to the case of a directed verdict, for it is practically inconceivable that a directed verdict should be against the evidence, and to require the appellant in such cases to maintain that proposition in this court would be not only to impose upon him an intolerable burden, but to compel him to litigate an irrelevant issue. In returning a verdict according to the direction of the court the jury still determine the issues of fact (*Fay* v. *Hartford & Springfield Street Ry. Co.*, 81 Conn. 578, 579, 71 Atl. 734), and the appeal is not from the action of the jury, but from the ruling of the court to the effect that no other verdict than that directed could reasonably be returned. For the determination of that question, nothing further is required on appeal than a certification of all the evidence and rulings. *Dick* v. *Colonial Trust Co.*, 88 Conn. 93, 98, 89 Atl. 907.

Taking the evidence in the aspect most favorable to the plaintiff, he started at a regular crossing-place to cross Fairfield Avenue, a trunk-line highway between Bridgeport and Fairfield, stopped to allow an automobile bound for New York to pass, looked to the right and left and saw nothing, before continuing on his way, but heard a noise as of an automobile in the distance, and having almost reached the sidewalk, was

knocked down by an automobile, of whose presence on the highway he had no knowledge and of whose approach he had no warning, and knew nothing until he regained consciousness in the hospital. There was no eye-witness of the accident except the defendant, but from the evidence of another witness who saw what happened immediately after the accident, the jury might have found that the defendant's car was driven at a high rate of speed. Assuming that the defendant was negligent in that respect, the question is whether there was evidence from which the jury might reasonably find that the plaintiff exercised ordinary care.

The controlling question is whether the plaintiff in the exercise of such care ought to have seen the defendant's car, and not to have walked in front of it. It was after dark, but the plaintiff testifies that the street was lighted; that there was light enough to see anything, and that nothing obstructed his view.

The defendant testified that his head-lights were lit, and the supporting witness for the plaintiff, already referred to, says that they were lit when the defendant turned back after hitting the plaintiff. The plaintiff's brief claims that there was a conflict of evidence on this point, because it is said that the plaintiff testified to the fact that there were no lights on the defendant's car as it approached him; but that is not consistent with the plaintiff's testimony that he was entirely unconscious of the existence or approach of the car. His evidence must be understood, as the trial judge interpreted it, as a statement that he saw no lights, because he saw no car. The pleadings allege and deny that the defendant's car was not properly lighted, and the burden of proof as to that allegation being on the plaintiff, we think there was no evidence from which the jury could reasonably have found that the defendant's lights were not lit.

It seems to stand admitted on the evidence that if the defendant's car was properly lighted, the plaintiff could have seen it when he looked after waiting for the other car to pass. The street was straight for a distance of four hundred to six hundred feet in the direction from which the defendant's car was coming, and the plaintiff himself, in rebuttal, arguing that the defendant's lights could not have been lit, says: "If there were lights on his automobile there when I crossed the street I would stop there where I stood before."

There is no error.

In this opinion the other judges concurred.