## DOMINICK OMICCIOLI, ADMINISTRATOR, *vs.* THE CONNECTICUT COMPANY.

Third Judicial District, Bridgeport, October Term, 1921.
WHEELER, C. J., BEACH, GAGER, CURTIS and BURPEE, Js.

The evidence reviewed, and the issues of contributory and intervening negligence *held* to have been proper questions for the jury.
Whether a trolley-car was far enough away from a woman walking

upon the track, for the motorman, in the exercise of reasonable care, to have stopped his car before hitting her, after he had discovered her peril and that she was apparently oblivious of her danger,—is a question of fact for the jury.

Argued November 3d—decided November 30th, 1921.

ACTION to recover damages for personal injuries resulting in the death of the plaintiff's intestate, and alleged to have been caused by the negligence of the defendant, brought to the Superior Court in Fairfield County and tried to the jury before *Keeler J.;* verdict and judgment for the plaintiff, and appeal by defendant. *No error.*

*Seth W. Baldwin,* for the appellant (defendant).

*Jesse T. Dunbar,* with whom was *Edward J. Quinlan,* for the appellee (plaintiff).

PER CURIAM. The defendant's west-bound trolley-car struck the plaintiff's intestate while she was walking west on defendant's track located just north of the traveled surface of the Boston Post Road in the town of Norwalk. The defendant concedes that the jury might have found it negligent as alleged, but claims that the court erred in submitting the question of the contributory negligence of the decedent, and the issue of intervening negligence, to the jury.

Both were, upon the evidence, fair issues to submit to the jury, and a failure to have submitted either would have been error. The trial court instructed the jury upon the subject of intervening negligence in exact accord with the doctrine of our decisions. *Fine* v. *Connecticut Co.,* 92 Conn. 626, 631, 103 Atl. 901; *Rooney* v. *Levinson,* 95 Conn. 466, 111 Atl. 249. The jury might reasonably have found—and we do not see how they could have found otherwise—that the de-

cedent, while walking upon the track ahead of the approaching trolley-car, was in a position of peril and that the defendant ought, in the exercise of ordinary prudence, to have become aware of that fact, and also that she apparently was not going to try to escape it. Whether the defendant thereafter had the opportunity by the exercise of reasonable care to have avoided this accident, and failed to exercise such care, were the only contestable facts upon this evidence upon the issue of intervening negligence. The decision of this depended upon where the trolley-car was when the motorman ought to have seen the decedent in this position of peril. We think the jury might properly have inferred, from the evidence before them, that this point was at least from two hundred to three hundred feet from the decedent, and that within that distance, by the exercise of reasonable care, the defendant's car ought to have been stopped before it struck decedent.

There is no error.