Simenauskas *v.* Connecticut Co.

---

JOSEPH SIMENAUSKAS, ADMINISTRATOR, *vs.* THE CONNECTICUT COMPANY.

Third Judicial District, Bridgeport, April Term, 1925.

WHEELER, C. J., BEACH, CURTIS, KEELER and MALTBIE, Js.

The complaint alleged that the defendant's motorman operated its trolley-car "at a reckless and dangerous rate of speed, without due regard to the traffic on said highway, carelessly and negli-

gently and when it knew that there was danger of collision and damage; and then and there did wilfully strike, collide with, injure and maim the plaintiff's intestate," thus causing his death. *Held:*

1. That since the complaint set forth a cause of action based upon negligence, as well as one based upon a wilful striking, the question of contributory negligence was necessarily involved and was properly submitted to the jury.

2. That the plaintiff's claim of fact, that the motorman ran over the decedent, a young child, while he was sitting asleep upon the trolley rail, raised the issue of supervening negligence.

3. That the error of the trial court in instructing the jury that the plaintiff's allegation of a wilful striking merely presented the question of supervening negligence, was not harmful to the plaintiff in view of the verdict for the defendant, which, under the charge as given, necessarily imported a finding that the injury was not wilfully inflicted.

4. That, in our legal terminology, there is no wrongful conduct which may be designated as "wilful negligence," since negligence signifies only want of due care, whereas wilfulness implies the existence of a positive intent to injure.

5. That the trial court erred in charging the jury that the plaintiff must prove that the motorman "actually knew" that there was danger of an accident—an error which was not cured by the earlier correct instruction that the motorman was chargeable with such knowledge as he should reasonably have had under all the circumstances.

6. That the trial court properly refused to instruct the jury that, as a matter of law, a motorman is not entitled to assume that a person on the track will remove to a place of safety upon the sounding of a proper warning.

7. That the plaintiff was not bound to prove, as charged by the trial court, that the defendant's conduct was wilful as well as negligent.

Argued April 14th—decided June 30th, 1925.

ACTION to recover damages for the death of the plaintiff's intestate alleged to have been wrongfully caused by the defendant, brought to the Superior Court in New Haven County and tried to the jury before *Nickerson, J.;* verdict and judgment for the defendant, and appeal by the plaintiff. *Error and new trial ordered.*

The complaint contains the following allegations: "3. Heretofore on or about the fifth day of June, 1923, the defendant, through its agents and servants, operated a trolley car on one of the highways in said Waterbury, at a reckless and dangerous rate of speed, without due regard to the traffic on said highway, which is known as South Main Street, in said Waterbury, carelessly, and negligently, and when it knew that there was danger of collision and damage; and then and there did wilfully strike, collide with, injure and maim the plaintiff's intestate, causing the death of the said Albert Simenauskas. 4. The said plaintiff's intestate was in no wise guilty of negligence contributory to said collision."

At the trial the plaintiff claimed to have proved the following facts, bearing on the charge of a wilful striking: That the plaintiff's intestate, a boy seven years of age, was struck while he was sitting on one of the rails of the defendant's trolley track, and while he was asleep, or nearly so; that the striking occurred after dark and at a point almost underneath a street arc light maintained by the city of Waterbury; that the trolley-car was moving at the rate of about twenty-three miles an hour, and could be stopped in about forty-five feet; that the motorman saw the plaintiff's intestate on the track from a considerable distance, and when about fifty yards away blew his whistle and clanged his gong, relying on these signals to scare the boy off the track, and continued to drive the car forward, though he could have avoided injuring the plaintiff's decedent by stopping the car.

Defendant claimed that the car was proceeding at a reasonable rate of speed in view of all the conditions; that the boy was sitting a short distance beyond the arc light, which prevented the motorman from seeing him until it was too late to stop the car, and that as

soon as the motorman did, or in the exercise of reasonable care could, see the boy, he did all that was possible by warning signal and by attempting to stop the car, to avoid injuring the plaintiff's decedent.

*Maurice A. Gruskay*, for the appellant (plaintiff).

*Walter E. Monogan* and *Walter Torrance,* for the appellee (defendant).

BEACH, J.  The reasons of appeal pursued on the plaintiff's brief are for alleged errors in the charge of the court.  The plaintiff claims that the court erred in submitting the question of contributory negligence to the jury; and that claim is based on the assertion that the sole cause of action alleged and claimed to have been proved was for a wilful, as distinguished from a negligent, injury resulting in death, thereby precluding the defense of contributory negligence on the part of the plaintiff's decedent.

It is, however, apparent that the complaint explicitly alleges two distinct causes of action arising out of the same transaction; one based on defendant's negligence and lack of contributory negligence on the part of plaintiff's decedent, and the other upon a wilful striking.

The claims of fact made by the parties as to negligence and contributory negligence, called also for an instruction by the court on the doctrine of supervening negligence.  This the court gave, and did not err in doing so.

In dealing with the allegation of a wilful striking, the court softened the allegation by charging: "The gist of the averments, in so far as wilfulness is charged, is that defendant's motorman was guilty of a failure of duty in the matter of care as related to the safety of the

plaintiff's intestate, with consequent injuries to him; that is, he was guilty of actionable negligence." Regarded as an interpretation of these averments of the complaint, this was erroneous, for the allegation is on its face one of a wilful striking; *i.e.*, battery.

The situation which developed, as the plaintiff's intestate failed to heed the warning signals while the car continued to approach him, was one which the trial court evidently regarded as calling for the application of the doctrine of supervening negligence rather than the law of battery. On this point the court charged as follows: "If the plaintiff has established by a fair preponderance of the evidence that the defendant's motorman, after he saw and knew that the plaintiff's intestate, Albert, was on the track and in a position of danger, neglected to use every means in his power to stop the car, but continued on his way regardless of the position of the plaintiff's intestate, and so, in the language of the complaint, wilfully struck and thereby killed the plaintiff's intestate, then the defendant would be liable for such injury and your verdict should be for the plaintiff." The court then added: "This presents again the doctrine of intervening negligence."

Since it is certain that any finding of a wilful striking made by the jury in accordance with the plaintiff's claims of fact, would also necessarily require a plaintiff's verdict under the above quoted charge of the court on the doctrine of supervening negligence, it follows that the plaintiff was not harmed by the construction which the court put upon his complaint and claims of fact. Besides, it nowhere appears that the plaintiff asked the court to charge that the complaint alleged, or that the plaintiff claimed to have proved, an intentional, malicious striking as distinguished from a negligent striking. On the contrary, the third, fifth and sixth reasons of appeal indicate that the plaintiff him-.

self in his requests to charge interpreted the allegation of a wilful striking as meaning a highly negligent striking. Thus the third reason of appeal is that the court erred "in failing to present the issue in the cause to be solely, was the defendant' wilfully negligent or was he not, in running down a seven year old child asleep on the railway track near an electric arc light;" and in the fifth and sixth reasons of appeal the phrases "wilful negligence" and "wilfully or wantonly negligent" appear in assignments of error for failing to charge as requested.

It seems clear that the plaintiff has misconceived our law which distinguishes sharply between an injury negligently inflicted and an injury wilfully inflicted. "Negligence signifies a want of care in the performance of an act, by one having no positive intention to injure the person complaining of it. Where such an intention exists the injury ceases to be merely a negligent one, and becomes one of violence or fraud, *i.e.*, a malicious one. It needs hardly to be stated that a complaint charging a negligent injury is, in its legal sense, a very different thing from one charging a malicious injury." *Pitkin* v. *New York & N. E. R. Co.*, 64 Conn. 482, 490, 30 Atl. 772. "The conduct of the man who inflicts the injury under such general conditions [*i.e.*, conditions to which the doctrine of intervening negligence is applicable] may indeed be . . . open to the charge of wilfulness or wantonness. If so, the case is not one of negligence, and the defense of contributory negligence would not be available." *Nehring* v. *Connecticut Co.*, 86 Conn. 109, 122, 84 Atl. 301, 524.

In our law, the phrase "wilful negligence" is a contradiction in terms, and the court did not err in refusing to charge, as requested, that the jury might find the defendant guilty of "wilful negligence" and upon so finding need not consider the question of the possi-

bility of contributory negligence on the part of the plaintiff's intestate. The foregoing will serve to cover all the errors assigned as to the manner in which the charge dealt with the allegation of a wilful striking.

The eighth assignment of error is well taken. At defendant's request the court charged that the plaintiff could not recover unless he proved that the defendant, by its motorman, operated the car at a dangerous rate of speed when it "actually knew" that there was danger of collision. The phrase "actually knew" is supposed to be justified by the allegation of the complaint that the car was so operated by defendant "carelessly and negligently and when it knew that there was danger of collision and damage." Under this allegation, which sounds in negligence, the plaintiff was entitled to recover upon proof of actual knowledge or upon proof of a state of facts from which the law imputes knowledge; i.e., in this case, facts showing that the motorman ought in the exercise of reasonable care to have known that there was danger of collision and damage.

It is quite true that the court had already instructed the jury to the effect that the motorman was chargeable with seeing what a reasonably careful motorman would have seen under the circumstances; but we think the jury were at least left in uncertainty as to whether the plaintiff was not bound to prove actual knowledge of the presence of the child on the track, and a subsequent failure to exercise due care by the motorman, in order to recover.

The fourteenth reason of appeal is that the court erred in not instructing the jury to the effect "that as matter of law, a motorman is not entitled to assume that an adult person, much less an infant of tender years, on the track will remove to a place of safety upon the sounding of a bell or whistle; i.e., a warning." We need hardly say that there is no such rule of law.

Under ordinary circumstances a motorman of a street car is entitled in the first instance to assume that an adult person on the track will remove himself to a place of safety upon being warned of his peril, if time and opportunity permit. That, however, is rather a rule of conduct based on human experience than a rule of law, and if the warning is not promptly heeded reasonable care requires that the motorman should, as the court charged, "use every means in his power to stop the car."

The twentieth reason of appeal is well taken. In the portion of the charge therein excepted to, the court instructed the jury that three important issues were presented, which may be summarized for the purposes of this opinion as (1) that the defendant was negligent, (2) that the defendant "wilfully" struck the plaintiff's intestate, (3) that the plaintiff's intestate was not guilty of contributory negligence; and then said: "If they all pass the test, then the plaintiff should prevail, but if any of the material allegations fail to pass such test, then the plaintiff is not entitled to a verdict." It being apparent that the charge of a wilful striking was not essential to the plaintiff's recovery, provided the first and third of the three issues passed the test, this instruction was erroneous.

The other assignments of error are not well taken. There is error and a new trial is ordered.

In this opinion the other judges concurred.