STEPHEN HIZAM *vs.* CHESTER E. BLACKMAN.

Third Judicial District, Bridgeport, October Term, 1925.

WHEELER, C. J., CURTIS, KEELER, MALTBIE and HAINES, Js.

In determining whether or not a plaintiff is guilty of contributory negligence, his conduct is to be tested not only by what he knows but also by what he should know, since it is his duty to use reasonable care to discover dangers or conditions of danger to which he may be exposed, as well as to avoid those which are known to him.

Under the general principle that the degree of caution required by the exercise of ordinary care is always proportioned to the degree of danger involved in the particular situation, it is the duty of a pedestrian who crosses a street between intersections, especially if he does so diagonally and with his back to oncoming traffic, to exercise greater care than if he were making use of the regular crosswalk.

Where the charge to the jury upon the subject of contributory negligence fairly covers so much of Chapter 365 of the Public Acts of 1921 as is applicable to the case, it is not error for the trial court to refuse to instruct the jury specifically as to the terms and effect of the statute.

The plaintiff left the westerly curb of a highway which was thirty-five feet in width and walked diagonally in a northeasterly direction toward the other side when, at a point less than ten and one-half feet from the easterly curb, he was struck by the defendant's automobile which, during the entire time that the plaintiff was crossing, had been approaching in a northerly direction with its lights turned on. The jury returned a verdict

for the plaintiff. *Held* that this verdict necessarily involved the unreasonable conclusion that the conduct of the plaintiff in failing to observe the defendant's automobile, constituted reasonable care; and that therefore the trial court erred in refusing to set it aside.

Argued November 6th—decided December 23d, 1925.

ACTION to recover damages for personal injuries, alleged to have been caused by the negligence of the defendant, brought to the Superior Court in Fairfield County and tried to the jury before *Jennings, J.*; verdict and judgment for the plaintiff for $4,000, and appeal by the defendant. *Error and new trial ordered.*

The evidence presented the following undisputed facts: On the evening of December 10th, 1924, the plaintiff was walking on Ogden Street toward his home in the easterly part of Bridgeport; he arrived about 5:50 p.m. at the northwesterly corner of Ogden Street and Noble Avenue. Ogden Street runs east and west, and Noble Avenue, north and south. The plaintiff lived easterly of Noble Avenue, and his purpose was to cross Noble Avenue. He walked a short distance north on Noble Avenue, the distance being about twenty feet. He then started to cross Noble Avenue, diagonally, that is, not on the crosswalk, but northeasterly across the vehicle roadway. He walked from the westerly curb northeasterly toward a point on the easterly curb about midway between Ogden Street and Stillman Street, the next street north of Ogden Street. This block is three hundred and twenty-five feet long. Noble Avenue is thirty-five feet wide between curbs, and there are two sets of trolley tracks on it. The most easterly rail of the northbound track is ten and one half feet west of the easterly curb of Noble Avenue. The plaintiff

neither saw nor heard any approaching vehicles, nor saw the lights on any vehicles, while crossing Noble Avenue.   While thus crossing Noble Avenue, and at a point easterly of the easterly rail of the north-bound track, the plaintiff was struck by the automobile of the defendant, which was traveling northerly on the easterly side of Noble Avenue.   The plaintiff was severely injured.   The evening was clear but dark.   The plaintiff was sixty-eight years of age and quite deaf.   There were no vehicles on Noble Avenue at the time in question which in any way interfered with the movements of either party or obstructed their view.   There was a lighted arc light over the roadway at the intersection of Noble Avenue and Ogden Street, and also at the intersection of Still-man Street and Noble Avenue.   Noble Avenue, in that vicinity, extends from the place of the collision for several hundred feet in a straight line, and is well surfaced and without grade.

*John T. Dwyer* and *Stanley T. Jennings*, for the appellant (defendant).

*Carl Foster*, for the appellee (plaintiff).

CURTIS, J.   The complaint contains these allegations, which were not disputed:   "1. On the 10th day of December, 1924, at about the hour of 5:50 p.m., the plaintiff was walking across Noble Avenue in said Bridgeport from the west side to the east side of said Noble Avenue at a point nearly opposite the house known as 776 Noble Avenue just north of the intersection of Ogden Street with Noble Avenue.   2. At said time and place the defendant was operating an automobile in a northerly direction on said Noble Avenue."

These allegations, reasonably interpreted, mean that during the whole time that the plaintiff was crossing Noble Avenue, the defendant was operating his automobile in a northerly direction on that avenue. We are also satisfied that, under the evidence, the jury could not reasonably have found otherwise than that during that time the lights of the defendant's automobile were lighted.

In his appeal, the defendant presents two distinct claims for our consideration: (1) that under the pleadings and the evidence presented, the verdict was contrary to the evidence, and the court erred in not granting his motion to set aside the verdict; (2) that the court in its charge to the jury, and in its refusal to charge as requested, erred.

The defendant claims that the plaintiff was required to prove, to entitle him to a verdict, both that the defendant was guilty of some negligence alleged, which was a proximate cause of the collision and injury, and, further, that he himself was not guilty of any negligence which was a proximate cause of the collision.

The jury could reasonably have found that the defendant was guilty of some negligence alleged which was a proximate cause of the collision and the injury.

The defendant claims that under the complaint and the evidence the jury must reasonably have found that the lights on the defendant's automobile were visible to the plaintiff, while he was walking across Noble Avenue, if he had used due care in the use of his eyes. The defendant claims that it is not sufficient to justify a verdict for the plaintiff, for the jury to have found that the plaintiff looked for the lights of an approaching automobile, but did not see them, and hence exercised due care.

The law is firmly established that it was the plaintiff's duty to exercise ordinary care both to avoid dan-

gers known to him and to discover dangers or conditions of danger to which he might become exposed, and in the performance of that duty to be watchful of his surroundings and of the way in which he was going. *Radwick* v. *Goldstein,* 90 Conn. 701, 710, 98 Atl. 583.

To determine whether the plaintiff was negligent, he must be held to have been required to act upon what he should have known as well as upon what he knew. *Mezzi* v. *Taylor,* 99 Conn. 1, 11, 120 Atl. 871; *Suga* v. *Haase,* 95 Conn. 208, 110 Atl. 837; *Seabridge* v. *Poli,* 98 Conn. 297, 301, 119 Atl. 214; *Plona* v. *Connecticut Co.,* 101 Conn. 445, 126 Atl. 529; *Worden* v. *Anthony,* 101 Conn. 579, 126 Atl. 919; *Simenauskas* v. *Connecticut Co.,* 102 Conn. 676, 129 Atl. 790; *Fenman* v. *Holden,* 75 Md. 1, 22 Atl. 1049.

Under the evidence the jury could not reasonably have found otherwise than that the plaintiff should have known, if he had exercised due care as he crossed Noble Avenue, that the defendant, in an automobile with the lights aglow, was approaching from the south on the easterly side of that avenue, and that the plaintiff's failure to see that automobile and avoid it was negligence on his part, which was a contributory cause of the collision and injury.

The verdict shows that the jury did not hold the plaintiff to the performance of the burden of proving that he was in the exercise of due care at the time of the collision, or that his failure so to do was not a proximate cause of the collision. The doctrine of supervening negligence was not presented to the jury, nor a request to do so made.

The motion of the defendant that the verdict be set aside as contrary to the evidence should have been granted.

As a new trial must be ordered, the defendant's

grounds of error as to the charge may become important on the new trial.

There are no grounds of reversible error alleged in the reasons of appeal, and there is no occasion to discuss the first, second, fourth, fifth and sixth grounds of error, except to say that the fifth and sixth grounds of error, which involved requests to charge as to the terms and effect of Chapter 365 of the Public Acts of 1921, were properly refused; the charge of the court as to contributory negligence was sufficient to cover so much of this statute as was applicable to this case, and to supplement the charge by giving these requests would tend to confuse rather than aid the jury.

The third ground of appeal alleges that the court erred in charging the jury as follows: "To state the thing perhaps a little informally, the person who crosses as the plaintiff was crossing, diagonally, with his back partly turned to the traffic, between streets, should be perhaps a little more careful than a person who is crossing at right angles on a regular crosswalk."

We think that the court should have stated definitely that the duty of using due care in the situation supposed, required a greater degree of care on the plaintiff's part than that required of him at a crosswalk.

We said in *Walter* v. *Hansen,* 99 Conn. 680, 683, 122 Atl. 564: "Ordinary care in a situation of danger would require greater care than in one free from danger [or less dangerous], and the greater the danger the greater the care."

While a pedestrian may ordinarily cross a street at any place, it is the law that "in doing . . . so he is bound to exercise care commensurate to the increased danger incident to being in a place where pedestrians do not usually go, and, consequently, where drivers need not take the same precaution in anticipation of

their presence that they are required to take at regular crossings." Berry on Automobiles (3d Ed.) p. 318; *Todd* v. *Lewis,* 92 Wash. 213, 158 Pac. 1006; *Sheldon* v. *James,* 175 Cal. 474, 166 Pac. 8; Huddy on Automobiles (1924 Ed.) p. 556.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion the other judges concurred.