ELIZA KERR, ADMINISTRATRIX, *vs.* THE CONNECTICUT COMPANY.

First Judicial District, Hartford, October Term, 1927.

WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, Js.

The trial court found that the plaintiff's intestate, who was fifty-eight years of age and whose hearing was so impaired that he could not hear the gong or bell of a trolley car, was walking in a westerly direction on a clear but dark night within two feet of the north rail of the defendant's trolley track, when a car, being operated at a speed of about fifteen miles per hour and equipped with a lamp throwing its light for a distance of one hundred feet, approached him from the rear; and that, although the motorman, who was keeping a proper lookout, repeatedly sounded a warning signal, the decedent neither looked around nor altered his course and was struck by the car which, despite the prompt application of the brakes and the sanding of the

rails, slid upon the track for a distance of thirty-five to forty feet beyond the point of collision. *Held:*

1. That while the decedent had the right to walk in this as in any other part of the highway, he was charged with knowledge of the dangers of his position and with the duty of exercising that degree of care which a reasonably prudent deaf man would have used under the circumstances.

2. That, measured by this standard of care, his conduct constituted contributory negligence as a matter of law.

3. That the facts found justified the trial court's conclusion that after the decedent's danger was or should have been apparent to the motorman, he had no opportunity by the exercise of reasonable care to save him from harm; and that, therefore, the doctrine of the last clear chance was not applicable to the case.

Argued October 5th, 1927—decided February 17th, 1928.

ACTION to recover damages for the death of the plaintiff's intestate, alleged to have been caused by the negligence of the defendant, brought to the Superior Court in Hartford County and tried to the court, *Jennings, J.;* judgment for the defendant, and appeal by the plaintiff. *No error.*

*Josiah H. Peck,* for the appellant (plaintiff).

*Joseph F. Berry,* for the appellee (defendant).

HAINES, J.   The plaintiff's decedent, William H. Kerr, was in his fifty-eighth year at the time of the injury complained of, and in good physical condition save his hearing, which was very poor, and such that he could not hear a trolley gong or bell.   He was employed in Hartford, and when leaving his place of business on the evening of October 15th, 1926, he was wearing a light gray overcoat, and stated that he intended to walk to his home in Quaker Lane in West Hartford by way of Asylum Avenue.   While walking westerly on Asylum Avenue in West Hartford about six o'clock, and between trolley poles #161 and #163, he was struck by a car of the defendant company.   At that point

there is an oiled macadam roadway about sixteen feet wide, and on the south side of this there is a shoulder about two feet wide, and south of that the trolley tracks. This two-foot shoulder cannot readily be distinguished from the macadam roadway and is used as a part of the roadway. There are no sidewalks on either side of the street at this point. Though it is a much used thoroughfare for automobiles, there was no traffic there at the time. Starting east of pole ♯161 there was a down grade of about two per cent, and from pole ♯161 to pole ♯163 about one per cent. East of the point of the accident, the trolley track is straight and the view unobstructed, and in the daytime it can be seen for a long disance. Going westerly and approaching the decedent from the rear, was a double truck trolley car, operated by one man and moving about fifteen miles per hour. It was equipped with a lamp throwing its light about one hundred feet, and when the decedent first came within range of this light, he was walking about two feet from the north rail, just outside the space between the rails and so close to the track that a passing trolley car would hit him. The weather was clear but it was very dark. The motorman was keeping a proper lookout and saw the decedent as soon as he could with reasonable care have seen him, and realized that the decedent would be struck if both continued in their respective courses. He sounded his gong or bell several times, immediately applied his brakes, sanded the rails and did all he could to stop the car, but it slid on the rails. The decedent continued on his course, but seemed to move a little nearer the track as the car reached him. The speed of the car slackened, but it struck him with the right front corner and threw him violently to the macadam roadway, and he died from his injuries the next morning without regaining consciousness. The

car stopped about thirty-five to forty feet beyond the point where the decedent lay. It was not shown that the motorman, in the exercise of reasonable care, could have stopped the car before striking the decedent, after he first saw or should have seen him.

On this state of facts the trial court decided that the decedent was contributorily negligent; that the motorman knew or should have known of the decedent's peril and that he would not avail himself of an opportunity to escape, but that the motorman himself had no opportunity, in the exercise of due care, to save the decedent from injury. The final conclusion of the trial court is thus stated: "The defendant did not fail to exercise reasonable care to avoid the injury to the plaintiff's intestate after he became aware, or in the exercise of ordinary prudence ought to have become aware, not only of the fact that the plaintiff's intestate had already come into a position of peril, but also that he apparently would not avail himself of opportunities open to him for escaping therefrom."

The burden was upon the plaintiff to prove (a) that the decedent was not guilty of contributory negligence, and (b) that the defendant's motorman was guilty of negligence which was a proximate cause of the injury. Failure to establish either of these things must result in judgment for the defendant.

The law required the decedent to exercise that care for his own safety which a reasonably prudent man would exercise under the same circumstances. It is true that he had a legal right to walk where he was walking, just as any traveler has a right to walk in any part of the public highway. *Laufer* v. *Bridgeport Traction Co.*, 68 Conn. 475, 488, 37 Atl. 379. But as a reasonable man he was charged with knowledge that the place, close to the trolley rail, where he was walking was dangerous, and that a passing trolley car would

Kerr v. Connecticut Co.

necessarily strike him, and he also knew that he could not hear the bell or gong of an approaching car from the rear. It was his duty therefore to take such care as a reasonably prudent deaf man would take under those conditions. *Buttelli* v. *Jersey City H. & R. Elec. Ry. Co.*, 59 N. J. L. 302, 36 Atl. 700; *Robb* v. *Quaker City Cab Co.*, 283 Pa. St. 454, 129 Atl. 331; *Robbins* v. *Springfield Street Ry. Co.*, 165 Mass. 30. 42 N. E. 334.

There is nothing in the finding of facts to show that he took any precautions whatever. So far as appears, he took this position of danger and continued in it, without looking back up the "long stretch" of straight and unobstructed track from which an overtaking car would come. It is within common knowledge that a headlight which throws its beams one hundred feet ahead, can be seen by a pedestrian for a much greater distance than one hundred feet. We cannot assume that he did look either before or after he entered the position of danger, and if he did, the burden was on the plaintiff to establish that fact. This was not done and the question is therefore presented whether a deaf man, taking and retaining a position of danger such as this, without any precaution by looking or otherwise to learn the possible approach of a trolley car from the rear, is in the exercise of that care which the law requires. As a general rule, the answer to a question of this character is one of fact, and not reviewable. *Lose* v. *Fitzgerald*, 105 Conn. 247, 248, 135 Atl. 42; *Farrell* v. *Waterbury Horse R. Co.*, 60 Conn. 239, 251, 21 Atl. 675, 22 id. 544. Where reasonable men may reasonably differ as to whether the conduct was or was not negligent, it is a question of fact upon which we cannot pass. *Bunnell* v. *Waterbury Hospital*, 103 Conn. 520, 526, 131 Atl. 501. But there is a recognized exception where "the reasonableness of a particular precaution against danger, arising from conditions well

defined and constantly recurring, may be a question of law." *Murphy* v. *Derby Street Ry. Co.,* 73 Conn. 249, 253, 47 Atl. 120.

In *Hizam* v. *Blackman,* 103 Conn. 547, 131 Atl. 415, the plaintiff was walking across a roadway from the westerly side to the easterly in a diagonal or north-easterly direction, at the same time that an automobile was approaching from the south. The plaintiff neither saw nor heard the automobile approaching nor saw its lights, and he was struck and injured. The night was clear but dark, and the plaintiff was sixty-eight years old and quite deaf. There were no vehicles on the street at the time which in any way interfered with the movements of either party or obstructed their view. In that case we said: "The law is firmly established that it was the plaintiff's duty to exercise ordinary care both to avoid dangers known to him and to discover dangers or conditions of danger to which he might become exposed, and in the performance of that duty to be watchful of his surroundings and of the way in which he was going," and that he was required to act upon what he should have known as well as upon what he did know. Citing *Radwick* v. *Goldstein,* 90 Conn. 701, 710, 98 Atl. 583; *Mezzi* v. *Taylor,* 99 Conn. 1, 11, 120 Atl 871; *Suga* v. *Haase,* 95 Conn. 208, 110 Atl. 837; *Seabridge* v. *Poli,* 98 Conn. 297, 301, 119 Atl. 214; *Plona* v. *Connecticut Co.,* 101 Conn. 445, 126 Atl. 529; *Worden* v. *Anthony,* 101 Conn. 579, 126 Atl. 919; *Simenauskas* v. *Connecticut Co.,* 102 Conn. 676, 129 Atl. 790. Our conclusion was that "under the evidence the jury could not reasonably have found otherwise than that the plaintiff should have known, if he had exercised due care as he crossed Noble Avenue, that the defendant, in an automobile with lights aglow, was approaching from the south on the easterly side of the avenue, and that the plaintiff's

failure to see that automobile and avoid it was negligence on his part, which was a contributory cause of the collision and injury."

The circumstance of the case at bar, bring it within the reasoning of *Hizam* v. *Blackman, supra,* and lead us unerringly to the conclusion that the decedent was guilty of contributory negligence. The first of the reasons of appeal cannot therefore be sustained and we need not discuss the question of the defendant's negligence.

However, under further reasons of appeal, the plaintiff contends that even if the decedent was thus negligent in entering and remaining in a place of danger, the conduct of the motorman was such that the negligence of the decedent was not a proximate cause of the injury; in other words, it is claimed that the facts established require the application of the doctrine of supervening negligence, thus rendering the decedent's negligence a remote rather than a proximate cause.

That principle rests upon four conditions, the first two of which are clearly met by the finding, viz., that the decedent had already come into a position of peril, and that the motorman then or thereafter became, or by ordinary prudence ought to have become aware of that fact, and of the further fact that the decedent could not or apparently would not avail himself of opportunities open to him for escape. *Fine* v. *Connecticut Co.,* 92 Conn. 626, 631, 103 Atl. 901; *Rooney* v. *Levinson,* 95 Conn. 446, 111 Atl. 794; *Omiccioli* v. *Connecticut Co.,* 96 Conn. 716, 115 Atl. 475.

But it was necessary for the plaintiff also to show (a) that the motorman subsequently had the opportunity by the exercise of reasonable care to avoid striking the decedent and (b) that he failed to exercise that care. The trial court reached the conclusion that

the motorman "had no opportunity by the exercise of reasonable care to have saved the plaintiff's intestate from injury"; and further that he "did not fail to exercise reasonable care to avoid the injury to the plaintiff's intestate after he became aware, or in the exercise of ordinary prudence ought to have become aware, not only of the fact that the plaintiff's intestate had already come into a position of peril, but also that he apparently would not avail himself of opportunities open to him for escaping therefrom."

It appears from the unchallenged finding that the car was one hundred feet from the decedent when the motorman saw he was in a position of danger. Obviously a brief interval of time must have elapsed before he also saw that the decedent would not escape from that position.

It was necessary for the plaintiff to prove that after the latter fact became known to the motorman, he could by due care, have avoided striking the decedent. There is nothing in the finding to support this claim. On the contrary, the trial court has found that from the time the motorman saw the decedent in a place of danger he "did all he could to stop the car." This conclusively refutes the plaintiff's claim that by due care, after seeing the decedent would not escape, the motorman could have saved him from harm.

It thus is not proved that the motorman was guilty of supervening negligence, but the contributory negligence of the decedent, on the other hand, is established.

There is no error.

In this opinion the other judges concurred.