[No. 21493. Department Two. February 7, 1929.]

LAURA McLEOD, *Respondent*, v. O. A. KJOS *et al.*, *Appellants.*[1]

*Poe, Falknor, Falknor & Emory* and *Bausman, Oldham & Eggerman,* for appellants.

*J. Speed Smith* and *Henry Elliott, Jr.,* for respondent.

FRENCH, J.—Queen Anne avenue, the street on which the accident happened giving rise to this litigation, runs north and south in the city of Seattle, and is about forty-five feet wide at the place in question. There are double street car tracks on this street, both of which are to the west of the center of the street. On the day of the accident, appellant was driving south on Queen Anne avenue, proceeding slowly, and when about the distance of a city block from the scene of the accident, a street car passed him, swinging over to the right hand track so that there was only two or three feet between the street car and the curb. Appellant changed his course somewhat, going to the

[1]Reported in 274 Pac. 180.

center of the street, and proceeded to drive south, being approximately at the center of the street, the left wheels of his car being from two to three feet to the left of the geographical center, and his right wheels being somewhat to the right of the exact street center, the car being about equally distant from the right and left curbs. The street car slowed down to take passengers, and appellant's car, moving at a speed variously estimated at from as low as eight miles an hour by some witnesses to as high as twenty miles an hour by others, followed behind and slightly to the left of the street car.

Respondent left the entrance way of an apartment house located on the east side of Queen Anne avenue, hurrying to catch the street car in question. This entrance was located approximately ninety feet north of the street intersection. There is practically no grade at this point, it was broad daylight, and there was no immediate traffic excepting the street car and appellant's automobile, both of which were proceeding south. Respondent hurriedly crossed the parking strip into the street, going in a westerly direction, intending to pass to the rear of the street car and board it at the front entrance. Near the center of the street she collided with the left rear fender of appellant's car, was seriously injured and allowed recovery by the court and jury, and this appeal follows.

 There are many assignments of error covering generally the question of there being no evidence of negligence on the part of appellant; also the question of the correctness of the instructions given and refused by the court. These we are passing for the reason that we think the case is controlled by the question of contributory negligence.

Respondent, in broad daylight, in the middle of the block, where vehicles have the right of way, ran into

the left rear fender of appellant's car. This car was in plain sight; more than two thirds of the car had passed directly in front of her before she collided with it. Any look, however slight, any glance, however casual, would have revealed the comparatively slow-moving vehicle. Had appellant's car been standing still at the exact time of contact, the accident would nevertheless have occurred, although the injury probably would not have been so severe. An entirely different situation would be presented had respondent been hit by the front end of appellant's car. There is no testimony that appellant's car swerved or was traveling otherwise than in a straight line.

Respondent claims that she had the right of way because the city ordinance gives the right of way to passengers boarding or leaving street cars. But this ordinance can apply only to passengers on the right-hand side of the street and passing over that portion of the street necessary to reach the street car, or passengers leaving the street car and passing over that portion of the street necessary to reach the curb. To give to the ordinance the construction contended for by respondent, would in this case utterly destroy the effect of the city ordinance giving to vehicles the right of way between street intersections.

A pedestrian entering the paved portion of a street between street intersections is bound to take some precaution for his safety. In this case none was taken. Respondent, to all intents and purposes, closed her eyes, started hurriedly across the street between intersections and ran into the left rear fender of appellant's car. Under all our holdings this constituted gross contributory negligence as a matter of law. *Daugherty v. Metropolitan Motor Car Co.,* 85 Wash. 105, 147 Pac. 655; *Jones v. Wiese,* 88 Wash. 356, 153 Pac. 330; *Silverstein v. Adams,* 134 Wash. 430, 235

Pac. 784; *Moseley v. Mills,* 145 Wash. 253, 259 Pac. 715.

Judgment reversed with instructions to dismiss.

PARKER, MAIN, and FULLERTON, JJ., concur.