ANGEL E. FRANCO, Plaintiff and Appellant, *v.* JUAN SERRA and MARYLAND CASUALTY COMPANY, Defendants and Appellees.

No. 8124.   Argued February 20, 1941.—Decided March 12, 1941.

*Wilson P. Colberg*, for appellant; *Cayetano Coll Cuchí*, for appellees.

MR. JUSTICE TRAVIESO delivered the opinion of the Court.

Plaintiff-appellant alleged in his complaint that on March 13, 1939, on or about 1 p.m., while he was standing close to the street car tracks on Stop 15½, in Ponce de León Avenue, he was run over by an automobile, property of the defendant and driven by an employee of his, at a time when the defend-

ant was riding in the car; that the accident was due solely and exclusively to the negligence of the driver, the same consisting in (*a*) driving through the above mentioned place at a speed over 35 miles per hour, disregarding the traffic congestion which always takes place in that neighborhood at 1 p.m.; (*b*) not blowing his klaxon or any device of warning or alarm at the time of approaching said place; and (*c*) in suddenly swerving the car toward the right side of the road where the plaintiff was standing, without taking any precaution to protect him.

The defendants, after denying the charge of negligence, answered the complaint in the following manner:

"And the defendants likewise allege that said chauffeur was driving the above mentioned automobile by its right side on Ponce de León Avenue; in accordance with the law, driving at a speed which did not exceed 12 kilometers per hour, following the direction of all the automobiles which were travelling on said part of the road and at the side and near the other line of motor vehicles which were travelling on the opposite direction; that when he was approaching the Liberty Soda Fountain, an unknown man was standing on the road near the electric car tracks, as if waiting for something, for which reasons said driver, Marín, reduced the speed and blew his horn after which said man who later turned out to be the plaintiff, upon being warned of the presence of the Packard automobile which was travelling driven by the chauffeur Marín, seeming to have heard the warning of the horn, remained still in the place where he was standing, and that when the vehicle came near him, when it was almost besides him, all of a sudden and without any warning whatsoever, he rushed to cross Ponce de León Avenue, towards the other side, placing himself in front of the automobile of the defendant Serra.

"And the defendants allege that notwithstanding the temerity and lack of care of said plaintiff Franco in rushing to cross the road in the manner aforesaid, he would have accomplished it without any accident whatsoever, if it had not been because all of a sudden, on seeing himself in front of the car, he changed his original direction towards the left side and turned backwards, the driver of the car not being able to prevent the same from colliding with said man,

with the front part and right lamp, despite all the efforts to prevent it, putting on the emergency brakes and the vehicle coming to a stop exactly in the same place of the accident where said plaintiff was struck by the car."

The trial was held before Judge Berga, and as the latter died before rendering judgment, the case was submitted on a stipulation of the parties to Judge Córdova Díaz, who rendered the judgment appealed from, dismissing the complaint and imposing the costs on the plaintiff.

██ Plaintiff-appellant maintains that the lower court erred in deciding the conflict of the evidence, in weighing the evidence presented by both parties and in applying the law referring to cases of this nature, even assuming that the facts took place in the manner which appears from the evidence for the defendants.

We have made a thorough and careful study of the evidence and we are not able to arrive at a conclusion other than the one reached by the trial court, that is, that the proximate cause of the accident was the negligence and lack of care of the plaintiff, who finding himself in a safe place abandoned the same, to take the chance of crossing the road at a time when the excessive traffic made such crossing dangerous. The evidence, appraised *in toto* and divested of all those small contradictions which always occur among the witnesses of both parties, leads us to the conviction that the accident undergone by the plaintiff was inevitable.

We deem the following decisions applicable to the case at bar: *Virgilio* v. *Walker,* 98 Atl. 815; *McCormick* v. *Hesser,* 71 Atl. 55; *Spring* v. *Tawa,* 192 Pac. 1051; *Todd* v. *Lewis,* 158 Pac. 1006; *Moss* v. *H. R. Boynton Co.,* 186 Pac. 631; and *Parkes* v. *Lindenmann,* 151 N.W. 787, 700.

The judgment appealed from must be affirmed.

Mr. Justice Todd, Jr., took no part in the decision of this case.