Angel E. Franco, demandante y apelante, *v.* Juan Serra y Maryland Casualty Company, demandados y apelados.

Núm. 8124.—*Sometido:* Febrero 20, 1941. *Resuelto:* Marzo 12, 1941.

*Wilson P. Colberg,* abogado del apelante; *Cayetano Coll y Cuchí,* abogado de los apelados.

El Juez Asociado Señor Travieso emitió la opinión del tribunal.

El demandante apelante alegó en su demanda que el día 13 de marzo de 1939, como a la una de la tarde, mientras él estaba parado cerca de la vía en la parada 15½, en la Avenida Ponce de León, fué arrollado por un automóvil del demandado, manejado por un empleado suyo, yendo el demandado en ese momento dentro del vehículo; y que el accidente se debió única y exclusivamente a la negligencia del conductor consistente en (*a*) correr por el indicado sitio a una velocidad mayor de 35 millas por hora, sin tener en cuenta la congestión del tráfico que hay siempre en dicho sitio a la una de la tarde, (*b*) no tocar *klaxon* ni aparato de señal o alarma al acercarse al sitio, y (*c*) desviar el vehículo súbitamente hacia la derecha, donde estaba el demandante, sin tomar precauciones para proteger al demandante.

Los demandados, después de negar las imputaciones de negligencia, contestaron la demanda en la forma siguiente:

"Y asimismo alegan los demandados que el dicho *chauffeur* conducía el referido automóvil por la derecha que le correspondía en la Avenida Ponce de León, de acuerdo con la ley, caminando a una velocidad menor de doce kilómetros por hora, siguiendo la dirección de todos los automóviles que viajaban en dicha parte de la carretera, y al lado y junto a otra línea de vehículos de motor que caminaba en dirección contraria; que al acercarse a la dicha fuente de soda Liberty, un individuo desconocido se encontraba parado en la carretera, junto a la vía del *trolley*, como en actitud de expectación, por lo cual dicho conductor, Marín, redujo la velocidad y tocó klaxon, después de lo cual el indicado individuo, que resultó luego ser el demandante, advertido de la presencia del automóvil Packard que marchaba conducido por el chauffeur Marín, pareció haber escuchado el toque de aviso del klaxon, permaneciendo quieto en el sitio que ocupaba; y al acercársele el vehículo, cuando casi estaba a su lado, súbitamente, y sin advertencia de ninguna clase, se lanzó a cruzar la Avenida Ponce de León hacia la izquierda, colocándose frente al carro de motor del demandado Serra.

"Y alegan los demandados que a pesar de la temeridad, imprudencia y descuido del dicho demandante Franco, lanzándose a cruzar la calle en la forma antedicha, hubiera logrado realizarlo, sin accidente de ninguna clase, a no ser porque, también súbitamente, al verse frente al carro cambió su curso original hacia la izquierda de la calle y volvió nuevamente hacia atrás, sin que el conductor del vehículo pudiera evitar que el mismo tropezare con dicho individuo con la parte delantera y el farol derecho del carro, no obstante todos sus esfuerzos por impedirlo, usando de sus frenos de emergencia, quedando parado el vehículo exactamente en el mismo sitio del accidente donde el dicho demandante fué tocado por el vehículo."

Celebrado el juicio ante el Juez Sr. Berga y habiendo fallecido éste sin haber dictado sentencia, el caso fué sometido por estipulación de las partes al Juez Sr. Córdova Díaz, quien dictó la recurrida, declarando sin lugar la demanda e imponiendo las costas al demandante.

■■ El demandante apelante sostiene que la corte inferior erró al dirimir el conflicto de evidencia, al pesar la prueba presentada por ambas partes y al aplicar la ley refe-

rente a casos de esta naturaleza, aun asumiendo que los hechos ocurrieron tal y como aparecen de la prueba de los demandados.

Hemos hecho un detenido y cuidadoso estudio de la evidencia y no hemos podido llegar a una conclusión distinta a la que llegó la corte sentenciadora, o sea que la causa próxima del accidente fué la negligencia y falta de cuidado del propio demandante, quien encontrándose en un sitio seguro lo abandonó para correr el riesgo de cruzar la carretera en un momento en que el exceso de tráfico hacía peligroso el cruce. La evidencia, examinada en conjunto y despojada de todas esas pequeñas contradicciones que siempre surgen entre los testigos de una y otra parte, lleva al ánimo el convencimiento de que el accidente ocurrido al demandante fué inevitable.

Consideramos. aplicable al caso de autos la jurisprudencia sentada en *Virgilio* v. *Walker,* 98 A. 815; *McCormick* v. *Hesser,* 71 A. 55; *Spring* v. *Tawa,* 192 P. 1051; *Todd* v. *Lewis,* 158 P. 1006; *Moss* v. *H. R. Boynton Co.,* 186 P. 631; y *Parkes* v. *Lindenmann,* 151 N.W. 787, 700.

*Debe confirmarse la sentencia.*

El Juez Asociado Sr. Todd, Jr., no intervino.