STANISLAUS BOGUDSKI *vs.* FREDERICK S. BACKES.

Third Judicial District, Bridgeport, April Term, 1910.
HALL, C. J., PRENTICE, THAYER, RORABACK and ROBINSON, Js.

A single sentence in a charge to the jury must be read in the light of its context and with reference to the evidence and claims of the parties in that particular case; and if not misleading when thus considered, is not open to criticism by the appellant.

In a civil action for assault and battery, the jury have a right to consider the disparity in size and weight of the respective parties; and therefore a statement to that effect by the trial judge in his charge is entirely permissible.

A new trial will not be granted because an erroneous instruction may have increased the damages justly recoverable by a trifling amount.

A request to charge which involves passing upon controverted questions of fact may very properly be refused.

The trial court is not bound to consider an oral request to charge.

When the charge as given is correct in law, adapted to the issues, and sufficient for the guidance of the jury, it is immaterial whether the trial judge acceded to the appellant's requests or not.

Argued April 14th—decided June 14th, 1910.

ACTION for assault and battery, brought to the Court of Common Pleas in New Haven County and tried to the jury before *Wolfe, J.;* verdict and judgment for the plaintiff for $150, and appeal by the defendant. *No error.*

The plaintiff, a boy sixteen years of age, was employed in a factory in which the defendant was superintendent and manager. He worked in what was known as the "press room," and adjoining this room it appears there was a room known as the "cover room." Some pasteboard box covers were scattered upon the floor of this latter room, and the plaintiff was directed by the foreman of the cover room, and later by the defendant, to pick up these box covers, and each time he refused upon the ground that he did not scatter them. The defendant repeated his request two or three times, and the plaintiff each time refused to comply with it. Thereupon the defendant took hold of the plaintiff, forced him into the cover room, and attempted to compel him, by force, to pick up these covers; he did not succeed in this, and then the defendant forced the boy back into the press room and outdoors, and then into another room known as the "machine room," and here, it is said, a brother of the plaintiff interfered and took the plaintiff away from the defendant, and led him back to the press room, and the defendant followed; and it was claimed by the plaintiff and admitted by the defendant that the defendant did not discharge the plaintiff or request him to leave the factory until after the episode in the machine room.

It was claimed by the plaintiff that after he was led

back to the press room the defendant directed him to resume his work, but that he was then in such a condition that he could not work, and that thereupon the defendant discharged the plaintiff, and the plaintiff at once left the factory.

*Oswin H. D. Fowler*, for the appellant (defendant).

*Patrick T. O'Brien*, for the appellee (plaintiff).

ROBINSON, J. In this case the plaintiff claimed to have proven a wanton and unjustifiable assault upon him, one accompanied with excessive violence and brutality. The defendant, on the other hand, invoked the doctrine of *molliter manus imposuit*, claiming that under the circumstances he was justified in using some force, and that he used only such force as under the circumstances was necessary and reasonable.

The defendant's first criticism is that the court erred in not charging the jury in conformity with each of his requests, or in not charging what was equivalent thereto. We will pass over this claim for the time being, and take up the errors charged in the other paragraphs of the appeal, taking them in their order.

A simple reading and comparison of the defendant's requests to charge with the charge actually delivered by the court, disclose that the criticism in paragraph two of the appeal has not the slightest foundation.

The alleged error set up in paragraph three of the appeal also relates to the charge of the court, and to have a fair and correct appreciation of the part of the charge thus criticised, we must read and consider in connection with it some of the preceding portions of the charge. The presiding judge was here considering an assault, claimed by each party to have been committed under different circumstances. The plaintiff

claimed that it was an assault wanton and uncalled for.
The defendant claimed the reverse of this. The latter
admitted that he assaulted the plaintiff, but said the
assault was justified, in that the plaintiff was insub-
ordinate and insolent, in consequence of which he was
discharged and ordered to leave the factory, and, not
going, the defendant used force to compel him to go,
but only such force as was reasonably necessary to
eject him from the premises. These two views the
court had just been presenting to the jury in an earlier
part of the charge: a view where there was no justifi-
cation, and one where a justification was claimed. The
court had also just been telling the jury what circum-
stances would constitute a legal justification for an
assault by this defendant upon this plaintiff, one ele-
ment of such justification being, as it told the jury, the
previous discharge of the plaintiff and an order to him
to leave the factory; also what degree of force the de-
fendant was entitled to use in case the plaintiff did not
leave after he was so ordered. The court next told the
jury what force and violence the defendant could not
justifiably use even after he had discharged the plain-
tiff and ordered him to leave; and then tells the jury
that if they find there was no legal justification or ex-
cuse for this assault, the plaintiff would be entitled to
recover; and if they find that the defendant was legally
justified in ejecting the plaintiff from the premises, and
find that this assault was committed in so doing, but also
find that the defendant, in so ejecting the plaintiff, used
unnecessary and unreasonable force and violence, then,
in that case also, the plaintiff would be entitled to re-
cover. The court then adds (and this is the part that
the defendant now claims is erroneous) that the plain-
tiff would also be entitled to a recovery if the jury
should find that an assault had been committed upon
him before he was discharged and requested to leave

the premises. The court is talking about this particular assault all this time, the two views of which it has been contrasting and explaining. In this latter sentence the court simply tells the jury that if they find that the defendant had not discharged the plaintiff and ordered him to leave the premises before he made this attack upon him, then the plaintiff ought to recover. The plaintiff's claim was that the defendant had not discharged him or ordered him to leave the premises when he made this assault upon him; and the court was in this language simply telling the jury what they must do if they adopted the plaintiff's view.

Taking all these parts of this charge together, there seems to be no fair probability that the jury could have been misled or confused by the language the court used. This language was qualified, and its meaning made quite clear, by what had preceded of a contrasting nature. We can hardly assume that this jury understood the court as meaning to say that a hired man must recover in any event, in an assault and battery suit against his master, provided the assault preceded a discharge of the workman and preceded an order to leave the premises. This single paragraph, read by itself apart from the rest of the charge, is not quite clear, but read in its proper connection, as it must be, its real meaning is plain.

The parts of the charge referred to in the fourth and fifth paragraphs of the appeal furnish no occasion for the defendant's criticisms. The charge of the court in the matters therein referred to was correct in law, plain and clear, and adapted to the case.

As to the error claimed in the sixth paragraph, it is only necessary to say that had the court not so charged the jury, the jury themselves, as sensible, practical triers, would undoubtedly have contrasted and compared the boy plaintiff and the adult defendant, in

estimating the amount of force that was reasonably necessary for the defendant to use upon this plaintiff. Both were in court; both were seen by the jury; they were the actors in this struggle; and the jury could not, as honest, sensible triers, shut their eyes to any disparity in size, or in apparent weight between these parties, and it would be entirely proper for the jury to have in mind such disparity, if any existed, and it was entirely permissible for the court to advise the jury that they might have in mind the factors of size and apparent weight of each.

The seventh error charged is without any substantial merit and should not prevail.

The question of damages, and the element of loss of wages and expense incident to the plaintiff's injuries, were properly stated to the jury, and stated with technical accuracy. If the plaintiff proved that he himself had expended money, or that he had lost wages, in consequence of being laid up by the injuries inflicted, he should unquestionably recover for them, and it was proper for the court to tell the jury so, and it did. If the plaintiff failed to prove that he incurred or paid expenses by reason of these injuries, he could not recover for such item, of course. The court distinctly told the jury that the plaintiff could recover for only such loss of wages as he proved he had suffered and only for such expenses as it had been proved "he (the plaintiff) had been put to." Certainly the court made this emphatic enough and plain enough.

But even if the charge of the court lacked technical accuracy, or was not quite elaborate enough in this matter of expenses and loss of wages, it must be borne in mind that no such expenses were proved, or claimed to have been paid by the plaintiff, or by any one else. As to the matter of loss of wages by this minor, it should be said that the finding shows that no

evidence was introduced on either side as to whether the boy had been emancipated by his father or not, nor did the defendant raise this question at any time upon the trial, or make any claim in reference thereto. And further, this matter of loss of wages, it appeared, could not, from the conceded facts, have exceeded $5 or $6, and this court would not for such a trifling sum order a new trial, even if there were an oversight in the charge in respect to this matter.

The next claim of error is as to the charge of the court in the matter of exemplary damages, and here also we must read this part of the charge in connection with the two paragraphs just preceding this one, wherein the court tells the jury, among other things, that in determining the matter of damages they must consider all the evidence in the case and the circumstances under which the injuries were inflicted; and the court follows this up by saying that the jury must consider whether the assault was committed under such circumstances that, while they do not excuse or justify the acts of the defendant, may, nevertheless, entitle him to a mitigation of damages. Then follows the clause which the defendant now complains of. Taken as a whole, the charge in this matter was adequate and quite sufficient for the proper guidance of the jury in the case before it.

The claim of error set up in the ninth paragraph of the appeal is without merit. The court did not in fact charge as therein stated.

The claim of error set up in the tenth paragraph is based upon a refusal of the court to charge as therein stated. This claim is also without merit. The claim was made by the plaintiff, and evidence offered tending to prove, that the assault was wanton and malicious, and the plaintiff claimed to have established this. The court could not properly charge the jury that "under

the facts and circumstances of the case punitive or exemplary damages were not recoverable." The court below did not so charge, and was entirely correct in refusing. It was not a proper statement to make to the jury, and secondly, the request was merely oral, which the court had a perfect right to ignore.

There are some remaining assignments of error upon rulings of the court rejecting evidence, but they require no discussion. It is sufficient to say that the court did not err in rejecting such evidence.

This leaves for consideration only the claim of error set out in the first paragraph of the appeal, and as to this it is only necessary to say that an examination of the charge actually made by the court discloses that it was correct in law, adapted to the issues, and quite sufficient for the guidance of the jury. This being so, it does not matter if the court did not accede to the defendant's requests. The court did its whole duty in charging as it did charge.

There is no error.

In this opinion the other judges concurred.