## Jennie Plucherino *vs.* Evelyn A. Shey et al.

Third Judicial District, Bridgeport, October Term, 1928.
Wheeler, C. J., Maltbie, Haines, Banks and Ells, Js.

Argued October 30th—decided December 18th, 1928.

*Samuel Reich,* with whom was *Philip Reich,* for the appellant (plaintiff).

*Henry E. Shannon,* with whom was *John Smith,* for the appellees (defendants).

HAINES, J.  State Street in the town of Westport is a portion of what is known as the Boston Post Road, and runs in an easterly and westerly direction, and Church Street enters it from the northerly side.  There are trolley rails through the center of State Street. From the evidence given for the defendants, it appears that in the afternoon of June 11th, 1927, the defendants' car which was occupied by the defendants' operator, Miss Shey, and three other ladies, was being driven on the right-hand side of Church Street and approached the intersection of State Street where the operator brought the car to a stop to permit a car going westerly on State Street to pass; in stopping her car the defendants' operator stalled her engine, but after the automobile had passed to the westward, she started it again and then looked in both directions on State Street, seeing no car to her left, and to her right only one car about three hundred and sixty feet distant.  Convinced that she had ample time, the defendants' operator with her engine still in first gear, proceeded slowly into State Street and across the trolley rails, turning her car easterly toward Bridgeport. When her car had turned almost parallel with the rails on the south side of the second track, the automobile in which the plaintiff was riding, on the right-hand side of the front seat with her husband driving, approached suddenly from the rear right-hand side of the defendants' car and endeavored to pass her on that side.  In

order to prevent the cars coming into contact, the defendants' operator swerved her car to the left toward the center of State Street, and the operator of the plaintiff's car becoming confused, swerved his car to the right, crashing into a car which was parked at the curb and pushing it up onto the sidewalk. The plaintiff's version of this conflicted in important particulars with the defendants', but the jury were entitled to believe the claims of the defendants if they saw fit. It was conceded that the plaintiff's car crashed with the parked car, and that the plaintiff was bruised and was cut by broken glass. Upon this state of the evidence and upon the law stated to them by the court, the jury could reasonably have found that the defendants were not guilty of negligence which was a proximate cause of the plaintiff's injury. The trial court was justified in denying the plaintiff's motion to set aside the verdict.

Counsel for the plaintiff urge that the·evidence discloses that the defendants' operator was negligent as matter of law in failing to see the plaintiff's car. It is true the driver of an automobile is chargeable, not only with notice of conditions which he knows to exist, but with conditions which by the reasonable exercise of his faculties he could learn the existence of, since it is his duty to use reasonable care to discover dangers or conditions of danger to which he may be exposed as well as to avoid those which are known to him. *Hizam* v. *Blackman,* 103 Conn. 547, 131 Atl. 415; *Simenauskas* v. *Connecticut Co.,* 102 Conn. 676, 129 Atl. 790; *Mezzi* v. *Taylor,* 99 Conn. 1, 120 Atl. 871; *Seabridge* v. *Poli,* 98 Conn. 297, 119 Atl. 214; *Nehring* v. *Connecticut Co.,* 86 Conn. 109, 84 Atl. 301, 524.

The defendants' operator did testify, upon cross-examination, that, after seeing the car at her right as she came out of Church Street, she did not see any other car till the plaintiff's car overtook her as she

turned toward Bridgeport. It was not conclusively established and the jury was not obliged to find, that the car which she saw was not the plaintiff's car. If she did fail to see the plaintiff's car until it overtook her, it would not follow as matter of law that she was guilty of negligence which was a proximate cause of the injury to the plaintiff. Even if we were to hold that she was negligent in not seeing the plaintiff's car sooner, the question of whether this was the proximate cause of the injury was one for the jury.

The plaintiff also assigns as error that the court in the charge unduly restricted the plaintiff to two of her three claims of negligence. The court properly instructed the jury that a plaintiff cannot recover upon any act of negligence other than those alleged in the complaint. The attention of the jury was then called to paragraph five of the complaint, in which the negligence complained of was stated, and the court told them it was their duty to determine "whether or not the defendant operator in fact committed any of the acts specified." The court then referred to the claim of unreasonable speed and of the failure of the defendant operator to have her car under control. Paragraph five of the complaint also states, in general language, that the defendant's car was operated without due regard for the rights of others upon the highway. It was discretionary with the court under the particular circumstances of this case to refer to these specifications in such detail as it thought the case required, and error cannot be predicated upon the failure to refer to each one specifically. The jury had the complaint before them and their duties under the charge were clearly defined.

Plaintiff's counsel made an oral request to the court for a further charge upon this point, which the court refused, and of this the plaintiff complains. Oral re-

quests to charge may be granted or refused in the exercise of a reasonable discretion by the trial court, and a refusal does not lay the basis for an appeal to this court. Practice Book, p. 275, §149; *Bogudski* v. *Backes,* 83 Conn. 208, 214, 215, 76 Atl. 540; *Farrington* v. *Cheponis,* 84 Conn. 1, 9, 78 Atl. 652; *Urbansky* v. *Kutinsky,* 86 Conn. 22, 28, 84 Atl. 317.

Further error is assigned upon that part of the charge in which the court dealt with contributory negligence and imputed negligence. The plaintiff's claim seems to be that the issues of contributory negligence and imputed negligence were not in the case. She says: "Nowhere in the finding or record does there appear any basis for a claim that the plaintiff was guilty of contributory negligence or that 'the relationship of master and servant, principal and agent or mutual responsibility in a common enterprise' existed between her and the operator of the car in which she was riding." The plaintiff had the burden of proof of her freedom from contributory negligence, and the record shows that she offered evidence in support of this issue while the defendants offered no evidence in contradiction of it. Whether the plaintiff's evidence was sufficient to sustain this burden was a question for the jury to decide and this required a knowledge of what the law holds contributory negligence to be. It was conceded that the car in which the plaintiff was riding was being driven by her husband, and to decide the issue intelligently and correctly it was necessary for the jury to know whether any negligence on his part could be legally imputed to the plaintiff. The court was therefore required to state to the jury the legal requirements of proof upon both these points.

There is no error.

In this opinion the other judges concurred.