ROBERT L. ZWEYGARTT
*vs.*
ROSCOE R. N. GRAY ET AL.

Superior Court     Hartford County     File No. 63671

MEMORANDUM FILED DECEMBER 9, 1940.

*Cornelius D. Shea,* of Hartford, for the Plaintiff.

*Day, Berry & Howard,* and *Pelgrift & Blumenfeld,* of Hartford, for the Defendants.

CORNELL, J.   Plaintiff, in his complaint, alleges that he sustained certain personal injuries while riding as a gratuitous passenger or guest in a car operated by defendant Roscoe R. N. Gray when such motor vehicle was in collision with a motor truck owned by the defendant New England Dressed Poultry Company and operated at the time by the latter's servant and agent.

Defendant Roscoe R. N. Gray, the operator of the car in which plaintiff rode, in a special defense filed by him pleads in effect that the plaintiff was guilty of contributory negli-

gence in that he rode in the said defendant's car "when there were four passengers in the front seat of the car which over-crowded it in violation of the statute and in that he knew or should have known that the passengers in occupying the positions which they did with his knowledge, interfered with the view of the operator of said automobile."

Certain of the reasons of demurrer hypothesize that the special defense pleads either or both assumption of risk or contributory negligence. But that cannot be so because there is no essential element common to both. A *sine qua non* of the defense of assumption of risk is the plaintiff's freedom from negligence. "Assumption of risk on the part of a plaintiff exists where *none of the fault for the injury rests with the plaintiff,* but where the plaintiff assumes the consequences of *injury occurring without his fault*—injury occurring through fault of the defendants, fault of a third person, or fault of no one." *L'Heureux vs. Hurley,* 117 Conn. 347, 353. (Italics added.) The allegations of the special defense confer no such immunity from negligence on the plaintiff, but, on the contrary, accuse him of it. They, consequently, do not purport to claim that the plaintiff assumed the risk of incurring the injuries of which he complains. These observations necessitate the overruling of the first, third and eighth reasons of demurrer, since these predicate on the supposition that the special defense states an assumption of risk. The question whether negligence arising only from the violation of a statute may form the subject matter of an assumption of risk, the negative of which was stressed by counsel for the plaintiff in argument, is, for the reasons noted, *supra,* not presented.

The second, fourth, fifth, sixth, seventh and ninth reasons of demurrer may be considered together. This done, they summarize in a proposition that in the absence of allegations to the effect that the plaintiff as a passenger took some part in the management or control of the car in which he was an occupant, or attempted to do so, it cannot be found that he was guilty of negligence or, in any event, that if his negligence was passive only that it could constitute a proximate cause of his own injuries.

The opinion in *Massa vs. Nastri,* 125 Conn. 144, with particular reference to pp. 149, 150, holds that since the repeal of section 1628 of the General Statutes, Revision of 1930 (which limited the common-law right of guests in motor vehi-

cles to recover from an owner or operator, to cases where the driver's conduct was heedless or in "reckless disregard of the rights of others") a gratuitous passenger shall have a cause of action in negligence against the operator of the vehicle in which he rides. And while the right of a guest while the statute (Gen. Stat. [1930] §1628) remained in effect could not be defeated by mere contributory negligence on his part (*Smith vs. Furness,* 117 Conn. 97, 101), the best indication of whether it will be since its repeal may be ascertained by reference to the state of the law on that subject before its enactment.

The duty with respect to the care required to be exercised by a non-paying guest during that period is defined in *Tracy vs. Welch,* 109 Conn. 144, 147, as follows: "As we have repeatedly pointed out, the duty which rests upon a guest in an automobile to exercise reasonable care is a very limited one and he need ordinarily give no heed to the manner in which the car is being operated; but when he knows that the driver is operating it negligently or his negligent conduct is so apparent that he ought to have known it, then the duty to exercise reasonable care resting upon him may require action upon his part." *Clark vs. Connecticut Co.,* 83 Conn. 219, 223; *Duffy vs. Bishop Co.,* 99 id. 573, 578; *Bushnell vs. Bushnell,* 103 id. 583, 593; *Marks vs. Dorkin,* 105 id. 521; *Fitzpatrick vs. Cinitis,* 107 id. 91, 96. And even where the plaintiff offered proof of her freedom from contributory negligence and the defendant submitted none to rebut it, the issue was nevertheless considered so much a question of fact as to be proper to leave to the jury to decide. *Plucherino vs. Shey,* 108 Conn. 544, 548; *DeLucia vs. Kneeland,* 108 id. 191, 195. The question is, except under unusual conditions, one of fact for the trier. *Duffy vs. Bishop Co., supra,* 578. Under the allegations of the special defense, that is so in the present instance, as is the matter of whether such conduct as the plaintiff displayed, as that may be revealed on the trial, was a proximate cause of his own injuries. These conclusions demand that the second, fourth, fifth, sixth, seventh and ninth grounds of the demurrer be overruled.

The demurrer is overruled on all grounds.