STATE OF CONNECTICUT *v.* WALTER REZNIK

FILE No. CR 15-4198

STATE OF CONNECTICUT *v.* JOHN ZALESKI

FILE No. CR 15-4199

APPELLATE DIVISION OF THE CIRCUIT COURT

Argued April 27—decided October 21, 1964

*Alan A. Green,* of New Britain, for the appellant (defendant Reznik).

*William F. Mangan, Jr.,* of New Britain, for the appellant (defendant Zaleski).

*Stanley J. Traceski, Jr.,* assistant prosecuting attorney, for the appellee (state).

DEARINGTON, J. The defendants were tried together to the jury on separate informations charging them with the crime of conspiracy to commit the crime of pool selling in violation of § 53-295 of the General Statutes. The information charging

the defendant Reznik contains three counts, alleging the commission of such crimes on March 1, 2 and 4, 1964. He was acquitted on the first count. The information charging the defendant Zaleski contains four counts, charging the commission of such crimes on March 2 and 5, and on March 8, 1964 (two counts). He was acquitted on the latter two counts. In these appeals from their convictions, the defendants have assigned identical errors and have filed identical briefs, and we will, in our review, consider the cases and the assignments of error together.

The assignments of error relate to the introduction of evidence, the limiting of cross-examination, the court's refusal to correct the finding, and the charge. Upon the trial, the defendants did not testify in their own behalf. This apparently led the trial court into the inadvertency of making a finding as though the cases were tried to the court. No prejudice has resulted, however, since the assignments of error relating to the court's failure to correct the finding are hereinafter considered. *Raughtigan* v. *Norwich Nickel & Brass Co.*, 86 Conn. 281, 287; Maltbie, Conn. App. Proc. § 144.

The information in each case should have set forth that section of the General Statutes relating to conspiracy upon which the state relied. The crime of conspiracy does not merge in the act which is executed in furtherance of the conspiracy, but is a distinct offense. *State* v. *Setter,* 57 Conn. 461, 469. The gist of the offense is the unlawful combination, not the accomplishment of the objective. *State* v. *Devine,* 149 Conn. 640, 647. Furthermore, it is not clear why the state arraigned the defendants on separate informations alleging specific violations on different dates. While such a method of arraignment is not improper, ordinarily where a conspiracy

is alleged which relates to several acts of the same character and which are committed over a period of time· and in furtherance of the conspiracy, the defendants are presented jointly and charged with the commission of a conspiracy between the commencement date and the terminal date. See such cases as *State* v. *Devine,* supra, 643; *State* v. *DeGennaro,* 147 Conn. 296, 298; *State* v. *McLaughlin,* 132 Conn. 325, 327; *State* v. *Hayes,* 127 Conn. 543, 549. The instant case lends itself to such a type of information.

Since neither defendant testified, there appears to be no dispute over the essential facts. On March 8, 1964, a restaurant known as the Blue Danube and located in the town of Newington was raided by the police and the defendants were arrested. The restaurant consisted of a bar, dining room and dance floor, and an apartment on the second floor. The raid was the culmination of an undercover investigation by two state troopers which commenced February 17, 1964. The preliminary investigation consisted of visits by the troopers to the section of the restaurant where the bar was located. On various occasions, one of the troopers would enter the restaurant, sit at the bar, order a drink and engage in casual conversation with the defendants. Seven visits were made to the restaurant by a state trooper during February, and each visit followed much the same pattern. For instance, on February 19, the trooper overheard Zaleski engage in telephone conversations with unknown persons in which Zaleski mentioned horses, took bets and made notations on a paper, and on February 20, Reznik came into the bar and the trooper saw him hand money to Zaleski and heard him say, "These are my bets for today." On March 1, the trooper entered the bar and placed a $5 bet with Reznik on a horse race. On March 2, he returned and learned

that he had won. Zaleski handed Reznik some money, and Reznik paid the trooper $17. The trooper immediately placed another $5 bet with Reznik and on March 4 returned and was informed he had lost. He then placed another $5 bet with Reznik. On March 5, he was informed by Zaleski that he had won and was paid $10. The trooper placed still another $5 bet, and on March 6 was told he had won and was paid $11 by Reznik. The last two payoffs were observed by another state trooper who had entered the bar. When the latter trooper left, Reznik asked Zaleski, "Who is that kid?" Zaleski answered, "He is okay. He is only a college kid?" On March 8, at approximately 12:30 p.m., several troopers, accompanied by local police, entered the restaurant, arrested the defendants and conducted a search of the premises. The police left about 2 p.m.

The defendants' first assignment of error relates to the admission of evidence resulting from the visits made to the restaurant by the state troopers in February. The defendants objected to the admission of conversation between them and statements made by them over the telephone relating to bets, on the ground that such evidence was hearsay, preceded the dates of the allegations, and was evidence of other crimes. They also claimed that such evidence was objectionable because the identity of the other parties in the telephone conversations was not established. Such evidence was admissible, for it tended to prove a plan, system or scheme of related offenses or a design to commit a series of like crimes. *State* v. *Barnes,* 132 Conn. 370, 372; 1 Underhill, Criminal Evidence (5th Ed.) § 212. The testimony of a witness to one side of a telephone conversation is governed by the rule relating to the admissibility of oral conversation, and such evidence was not inadmissible. 31A C.J.S. 508, Evi-

dence, § 188; *Jamaica Pond Garage, Inc.* v. *Woodside Motor Livery, Inc.*, 236 Mass. 541; *Hunkins* v. *Amoskeag Mfg. Co.*, 86 N.H. 356, 359; 2 Wigmore, Evidence (3d Ed.) § 669. Such evidence related only to statements which the witness overheard the defendants make. The defendants also objected to testimony that during the telephone conversations relating to bets, the defendants wrote on a pad. Since the nature of the writing was not in evidence it could hardly be claimed to be harmful.

The defendants assign error in the admission in evidence of certain money claimed by the state to be the total amount of the bets won by the trooper. The claim is made that since there were two defendants and the payoff was in United States currency bills, each bill should have been specifically identified as having been paid by the individual defendant making the payment. The witness had previously testified to the specific amount won and lost on each bet and also which of the defendants had paid him. The money admitted was claimed by the state to represent the total amount which the witness had won. The money was corroborative of the total winnings and tended to indicate that the witness' reckoning was correct. Furthermore, the crime charged here was a conspiracy. The court's ruling was not incorrect.

Further error is assigned in that the court limited the cross-examination of a witness, and it is now claimed that the defendants were prevented from pursuing a possible application of the defense of entrapment. Since this claim was neither raised in the trial court nor passed upon by the court, the court could not have committed error in this respect. *State* v. *Reid,* 146 Conn. 227, 232.

Certain telephones located on the premises were seized by the troopers and were admitted in evi-

dence over the defendants' objections. These telephones were so connected that incoming calls could be received on each. While the troopers were at the restaurant during the time of the arrest, several calls pertaining to bets were received by one of the troopers. See *State* v. *Tolisano,* 136 Conn. 210, 214. The defendants objected to the introduction of the telephones on the ground that they were seized during a "bad faith search." The defendants contended that the troopers had in their possession arrest warrants, and also a search warrant, and that the use of both types of warrant constituted bad faith. They cite no authority to support such a contention and we are unaware of any rule of law that the procedure infringed any statutory or constitutional right. The defendants do not question the legality of the warrants either in their issuance or their use. If search and seizure are incidental to a lawful arrest and not unreasonable, then whatever is found in consequence of the search may be lawfully seized if it is connected with the crime for which the arrest is made, and this includes the means instrumental or susceptible to the commission of the crime. *State* v. *DelVecchio,* 149 Conn. 567, 573. "Articles which ordinarily serve other purposes [telephone, pads and pencil] may be found to be devices and apparatus for gaming purposes if they are reasonably adapted to, and at the time in question are intended and actually used for, those purposes." *State* v. *Tolisano,* supra, 215. This assignment of error is without merit.

The defendants also assign error in the court's failure to correct the finding by adding the exceptions taken by the defendants to the court's charge. The record for appeal should contain exceptions taken to the charge so that this court may have an understanding of them. See Practice Book, Form No. 820; Maltbie, Conn. App. Proc. § 143. How-

ever, since the exceptions to the charge claimed by the defendants appear in their motion to correct the finding, we have examined them. The defendants excepted to that part of the charge in which the jury were instructed that the police investigation must be found to have been completed before a request by the defendants to use the telephone had to be complied with. The defendants had requested the court to charge that if the jury found that after the arrest the defendants were denied a request to call counsel and such denial was prejudicial to their defense, they should be found not guilty. Because of the nature of the finding, we have examined the defendants' draft finding and the evidence and we find nothing to suggest that a request to call an attorney was made by either defendant. The court properly refused such a request to charge. *Goodno* v. *Hotchkiss,* 88 Conn. 655, 664.

Error is assigned in the failure to correct the finding by adding certain paragraphs, such as that no foundation was laid before the admission in evidence of the $28 won by the trooper, and that one of the troopers was instructed to become a friend of the defendants and work his way into their confidence. For reasons heretofore considered, these assignments are without merit.

Finally, the defendants assign error in the court's refusal to comply with their request to charge that each count should be considered individually and the preliminary investigation should not be considered "as a part of the particular counts." On this point the court instructed the jury that each defendant was charged with a violation in each of the several counts appearing in the informations, that is, the three counts relating to Reznik and the four counts relating to Zaleski, and further, that each count contained a complete statement of the

crime charged. The jury were also instructed that they must determine, on each count, whether the defendant was guilty of the crime charged in that count, and that they must render a verdict on each count separately. Later in the charge, the court instructed the jury, "Each count is by itself," and "In short, you must determine on each count whether there was a conspiracy . . . ." The court was not required to charge in the language of the request. *State* v. *LaFountain*, 140 Conn. 613, 618. The charge as given, considered in its entirety, as it must be, was adequate to cover the subject matter and sufficient for the guidance of the jury. *State* v. *Pecciulis*, 84 Conn. 152, 161. Since the jury could not have been misled by the court's charge as it related to this assignment of error, it follows that the court's refusal to charge as requested did not constitute an error. Parenthetically, it may be pointed out that our rules require written requests to charge. Practice Book §§ 251, 252. The requests here made were oral. While an oral request to charge may be granted by the trial court in the exercise of its reasonable discretion; *Plucherino* v. *Shey*, 108 Conn. 544, 547; better practice on the part of the defendants and in conformity with the rules required written requests to charge, with supporting citations, so that the court might have an opportunity for study and consideration of the questions involved. *Lowell* v. *Daly*, 148 Conn. 266, 271.

There is no error.

In this opinion JACOBS and KINMONTH, Js., concurred.